## Anna F. Foote, Executrix, v. Lake County.

1. REVENUE LAW—*Compensation of Supervisor of Assessments Must be Fixed by County Board.*—If the act of 1898 created a new office of supervisor of assessments, entitling the person discharging the duties thereof to compensation for his services, the fixing of the amount of compensation by the county board is a condition precedent to the right to bring a suit to recover therefor.

2. COUNTY OFFICERS—*Salaries Not to be Increased or Diminished During Term of Office.*—Article 10 of section 10 of the constitution provides that the salaries of county officers shall not be increased or diminished during the term of the incumbent.

Error to the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

R. W. COON, attorney for plaintiff in error.

S. DELANO TALCOTT, State's Attorney, for defendant in error; LESLIE P. HANNA, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

February 25, 1898, the general assembly passed an act concerning the assessment of property, which was in force July 1, 1898. The second section of this enactment provides that in counties under township organization having a population of less than 125,000, the county treasurer shall be *ex-officio* supervisor of assessments in his county. It also provides that he shall have a suitable office and keep it open during certain hours and that by and with the advice and consent of the county board he may appoint deputies and clerks whose compensation shall be fixed by the county board and paid by the county. Section 46 of the act provides that the salary of the supervisor of assessments shall be paid out of the county treasury on bills duly certified and approved by the county board. Section 9 of article 10 of the constitution of 1870 is as follows:

"The clerks of all the courts of record, the treasurer, sheriff, coroner, and recorder of deeds of Cook county, shall receive as their only compensation for their services, salaries to be fixed by law, which shall in no case be as much as the lawful compensation of a judge of the Circuit Court of said county, and shall be paid respectively only out of the fees of the office actually collected. All fees, perquisities and emoluments (above the amount of such salaries) shall be paid into the county treasury. The number of the deputies and assistants of such officers shall be determined by rule of the Circuit Court, to be entered of record, and their compensation shall be determined by the county board."

And section 10 of the same article of the constitution provides that the county board, except as provided in section 9 of this article, shall fix the compensation of all

county officers; and also provides that the compensation of any officer shall not be increased or diminished during his term of office. Section 38, chapter 34 of the statute provides that the time of fixing the compensation of the county officers, whose compensation is to be fixed by the county board, shall be at the meeting of said board next preceding the regular election of such officers. But if the compensation is not then fixed the board shall fix it at the next regular or special meeting held thereafter.

After the act of 1898, relating to assessment of property, took effect, and in September of that year, the county board of Lake county fixed the salary or compensation of the county treasurer of said county, for the term beginning on the first Monday of December, 1898. Thereafter, in November of the same year, John M. Foote was elected county treasurer of said county and entered upon the duties of his office on the first Monday of December, 1898; he served as such county treasurer and received said salary and also acted as supervisor of assessments until his death, April 27, 1901. He received no separate or additional salary for the services he rendered as supervisor of assessments. Anna M. Foote was appointed executrix of his last will and testament and in such representative capacity filed a claim against Lake county with the board of supervisors for $1,280.34 for the salary of decedent as supervisor of assessments from December 5, 1898, until his death, at the rate of $500 per year. The county board allowed $425 of the claim and disallowed the residue. The executrix appealed from the decision of the board of supervisors to the Circuit Court pursuant to the statute in such cases provided. The county was served with process and appeared in the cause. A stipulation of facts was entered into which, however, is not preserved in the bill of exceptions. The case was tried without the intervention of a jury. Propositions of law were presented and passed upon by the trial court. The issues were found for the county and judgment for costs was rendered against the claimant. To review and reverse the judg-

ment of the Circuit Court the case is brought to this court by writ of error.

If the act of 1898 defining the duties of supervisors of assessments did not create a new office but only imposed added duties to those already prescribed for the county treasurer to perform, then the compensation for the county treasurer fixed by the board of supervisors in September, 1898, was all that Foote was entitled to receive. Under the provisions of the constitution above cited his salary as county treasurer could not be increased or diminished during the term for which he was elected.

It is unnecessary for us to determine in this case, and we do not assume to determine, whether the act of 1898, relating to the assessment of property and prescribing the duties of supervisors of assessments, in effect only imposed additional duties upon the county treasurers, or created a new and independent office of supervisor of assessments. If the supervisor of assessments is to be considered a new office separate and distinct from that of county treasurer, and the incumbent thereof is entitled to receive compensation for his services entirely independent of and additional to the compensation to which he is entitled as county treasurer, then it is manifest that the amount of such compensation is to be fixed by the county board. Assuming that the act created a new office, and the county board failed or refused to perform its duty in fixing the compensation of the officer, mandamus should be resorted to to require the county board to discharge its duty in such respect; and until the compensation or salary is fixed by the county board, either voluntarily or by mandamus proceedings, an action at law can not be maintained to recover the compensation claimed. We hold that if the act of 1898 created a new office entitling the person discharging the duties thereof to compensation for his services, that fixing the amount of the compensation by the county board is a condition precedent to the right to bring a suit at law to recover therefor. In this case the county board of Lake county has not formally fixed the compensation to be paid the supervisor of assessments, unless it can be said that the

allowance of the claim to the extent of $425 was a fixing of the amount which in the judgment of the board Foote was entitled to receive. If such position is tenable the amount has been fixed and the claim allowed. In either point of view the trial court properly disallowed the claim. The judgment of the Circuit Court is affirmed.